IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

------------------------------------------------x
CASSANDRA M. FLATT THURSBY   :

          Plaintiff,               :

          v.                           :

KAYE SCHOLER LLP            :

          Defendant.         :
------------------------------------------------x

Case No.

Removed from the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida (Case No. 2015-CA-000716)

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT defendant Kaye Scholer LLP, through its undersigned counsel, hereby removes this civil action from the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, where it is now pending, to the United States District Court for the Northern District of Florida, on the grounds of federal question and supplemental jurisdiction, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446.  Defendant respectfully asserts the following in support of removal and, in doing so, expressly reserves all questions other than that of removal for the purpose of further pleadings.

1. On or about March 29, 2015, Cassandra M. Flatt Thursby filed the complaint in *Cassandra M. Flatt Thursby v. Kaye Scholer LLP*, Case No. 2015-CA-

1

000716, in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida (the "State Court Action").[1]

2.  On July 22, 2015, plaintiff served the summons and complaint on defendant.

3.  A copy of the entire State Court Action file is attached as Exhibit A.

4.  The complaint alleges two causes of action, including gender discrimination and retaliation in violation of Title VII of the federal Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), Title I of the federal Civil Rights Act of 1991, 42 U.S.C. § 1981a ("Section 1981a"), and Chapter 760 of the Florida Statutes.

## JURISDICTION

5.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this is an action in which the courts of the United States have been given original jurisdiction in that the action arises under the laws of the United States and it invokes federal question jurisdiction. Specifically, the complaint alleges claims under Title VII and Section 1981a.

6.  To the extent other purported causes of action in the complaint do not allege federal claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. §§ 1367(a) and 1441(c).

---

[1] Defendant was incorrectly captioned as "Kaye Scholar LLP" in the State Court Action.

**PROCEDURAL REQUIREMENTS FOR REMOVAL**

7.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is filed within thirty (30) days of receipt of the summons and complaint by defendant.

8.      Venue is proper in this Court because it embraces the place where the action is pending.  28 U.S.C. § 1441(a); 28 U.S.C. § 89(a).

9.      Pursuant to § 1446(d), promptly after filing this Notice of Removal, defendant will give written notice of the removal to Marie A. Mattox, Esq., counsel of record for plaintiff, and will file a copy of this Notice of Removal with the Clerk of the Circuit Court for the Second Judicial Circuit, Leon County.

10.     If any question arises as to the propriety of the removal of this action, defendant requests the opportunity to brief any disputed issues and, if appropriate, to present testimony and oral argument in support of its position.

11.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of defendant's right to assert any defense or affirmative matter including, without limitation, the defenses of (a) lack of jurisdiction over the person; (b) improper venue; (c) insufficiency of process; (d) insufficiency of service of process; (e) improper joinder of claims and/or parties; (f) failure to state a claim; (g) failure to join an indispensable party(ies); or (h) any other procedural or substantive defense available under state or federal law.  Defendant intends no admission of facts, law or liability by this Notice and expressly reserves all rights, defenses, motions, pleas and remedies.

WHEREFORE, defendant respectfully removes this action from the Circuit Court of the Second Judicial Circuit, in and for Leon County, to this Court, pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446.

Respectfully submitted this 21st day of August, 2015.

/s/ George N. Meros, Jr.
GEORGE N. MEROS, JR.
Florida Bar No. 263321
GRAYROBINSON, P.A.
301 South Bronough Street, Suite 600
Tallahassee, Florida 32301
Telephone: (850) 577-9090
Facsimile: (850) 577-3311
George.meros@gray-robinson.com

Manuel Kushner
Florida Bar No. 330957
manuel.kushner@kayescholer.com
KAYE SCHOLER LLP
Phillips Point, East Tower, Suite 1000
777 South Flagler Drive
West Palm Beach, Florida 33401-6163
Telephone: (561) 802-3230
Facsimile: (561) 802-3217

William C. Zifchak
(*pro hac vice to be submitted*)
william.zifchak@kayescholer.com
KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8743
Fax: (212) 836-6743

*Attorneys for Kaye Scholer LLP*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by notice of electronic filing on August 21, 2015 to Marie A. Mattox, Marie A. Mattox, P.A., 310 East Bradford Road, Tallahassee, Florida 32303; marie@mattoxlaw.com.

<u>/s/ George N. Meros, Jr.</u>
George N. Meros, Jr.

\296062\2 - # 595000 v1